**Richard PICKELL, Appellant,**

v.

**GUARANTY NATIONAL LIFE INSURANCE COMPANY, Appellee.**

No. 14–94–0777–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 22, 1996.

Rehearing Overruled March 21, 1996.

Walter R. Grimes, Houston, John J. Browne, Houston, for appellant.

Jeff Joyce, Houston, James M. Bright, Houston, Teresa Schneider, Houston, for appellee.

Before YATES, FOWLER and O'NEILL, JJ.

## OPINION

FOWLER, Justice.

This is an appeal from a default judgment in which the trial court awarded damages to appellee, Guaranty National Life Insurance Co., (Guaranty) against the appellant, Richard Pickell (Pickell). Appellant asserts three points of error, alleging (1) the trial court erred in refusing to grant his Motion to Transfer Venue, (2) the trial court erred in granting judgment because the parties had entered into a settlement agreement, and (3) the trial court abused its discretion in not setting aside the default judgment because of a mediated settlement agreement. We affirm the trial court's judgment.

### Background

Guaranty is a life insurance company which purchases blocks of insurance policies sold by other companies and services the policies for policyholders. Guaranty purchased a block of policies from Bankers' Protective Life Insurance Company. Pickell was the selling agent for some of those policies. Guaranty allegedly discovered that Pickell made misrepresentations to policyholders to Guaranty's detriment and Guaranty filed suit in Harris County asserting tortious interference.

Pickell filed a Motion to Transfer Venue, requesting that the case be transferred to Gregg County. Nearly two years passed before Pickell set a hearing on his motion, and the record does not reflect that the trial court signed an order on this motion. The only reference to the Motion to Transfer Venue is a notation in the trial court's docket sheet that reads: "11–19–93 MTV—Denied."

The suit was set for trial on May 9, 1994, with a pre-trial conference scheduled for May 6, 1994. Several weeks before trial, Pickell and Guaranty attended a court-ordered mediation, where they reached an agreement by which Guaranty would pay Pickell $10,000 and his lawyer $3,800. However, the settlement was contingent upon the dismissal of claims and counterclaims asserted in a separate lawsuit between Guaranty and another agent, Mr. Bohannon. The mediator sent the trial court a letter informing her the case was settled and enclosing a copy of the settlement agreement, but the court did not remove the case from her trial docket. Neither did the parties file a motion for continuance with the court requesting that the trial be continued because of the settlement.

On March 30, 1994, Guaranty's lawyer sent settlement documents to Pickell's lawyer. The documents sent included (1) a settlement agreement and an agreed judgment to be executed by Pickell and Guaranty and (2) a settlement agreement and dismissal to be executed by Guaranty and Bohannon. The letter also stated Guaranty's understanding that Pickell's lawyer was working with Bohannon and his lawyer to get the Guaranty/Bohannon case settled.

Pickell and his lawyer executed their documents and returned them to Guaranty, however the documents Bohannon and his lawyer were to execute were not returned to Guaranty. In fact, on May 5, 1994, the day before the pre-trial conference, Guaranty's lawyer sent a letter to Bohannon's lawyer stating that no settlement had been reached and if one was not reached before the scheduled trial with Pickell, Guaranty would proceed with that trial. The letter contains the notation, "c.c. Mr. Harry Heard [Pickell's lawyer] FAX (903) 758–9032," although the record contains no confirmation that Heard received the fax.

The pre-trial conference, scheduled for May 6, 1994, was held on that day and Pickell did not appear or notify the court that he would not appear because the case was settled. On May 9, 1994, Guaranty appeared and announced ready for trial, and again, Pickell did not appear or contact the court. After a hearing at which Guaranty presented evidence of its damages, the trial court entered a default judgment, including punitive damages, for Guaranty on its counterclaim against Pickell for tortious interference with contracts.

Pickell filed a Motion to Set Aside Judgment containing the sole argument that the judgment was obtained by fraud and deception because the case was settled at the court-ordered mediation. The motion also stated that neither Pickell nor his lawyer had been informed that Guaranty refused to abide by the settlement. The motion was not verified. At the hearing on the motion, Pickell's lawyer argued again that the case was settled, and that he had no reason to believe it was not settled since he and Pickell had signed all the settlement documents requiring their signatures and returned them to Guaranty. Pickell also argued that the court could not ignore the settlement agreement because it was entitled to the same dignity as a contract.

After noting among other things that the court's pre-trial order required both parties to appear at the pre-trial conference and trial, and did not allow the *parties* to change these dates by agreement, the court summarily overruled the motion.

### POINTS OF ERROR

### MOTION TO TRANSFER VENUE

■ In his first point of error, Pickell argues the trial court erred in failing to grant his Motion to Transfer Venue. Rule 52(a) of the Texas Rules of Appellate Procedure requires a party to present to the trial court a timely request, objection, or motion in order to preserve a complaint on appeal. TEX.R.APP.P. 52(a); *Cannon v. Lemon*, 843

S.W.2d 178, 183 (Tex.App.—Houston [14th Dist.] 1992, writ denied). Pickell's Motion to Transfer Venue was submitted to the trial court on November 19, 1993, however, there is no order in the record reflecting the court's ruling. The only indication that the trial court ruled on the Motion to Transfer Venue is a docket sheet notation stating, "11–19–93—MTV—Denied." A docket entry may not take the place of an order or judgment. *First National Bank of Giddings v. Birnbaum*, 826 S.W.2d 189, 190 (Tex.App.—Austin 1992, no writ). Therefore this court's record has no ruling for this court to review.[1] *Cannon v. Lemon*, 843 S.W.2d at 183.

Because the record before this court contains no order on the Motion to Transfer Venue, Pickell did not properly preserve his point of error for appeal. *Sabine Offshore Serv. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex.1979); *Carlisle v. Philip Morris, Inc.*, 805 S.W.2d 498, 501 (Tex.App.—Austin 1991, writ denied). Therefore, we overrule Pickell's first point of error.

### THE ENTRY OF DEFAULT JUDGMENT

■ In his second point of error, Pickell argues the trial court erred in granting judgment for Guaranty because the parties executed a settlement agreement at the mediation. Although Pickell's Motion to Set Aside Default Judgment did not contain the exact argument he now makes in point of error two, he certainly raised the issue at the hearing on the motion and we therefore choose to consider it. His position is that since the parties executed a settlement agreement, the trial court had no option but to enter a judgment in accordance with the settlement agreement.

■ We note three distinct problems with Pickell's argument. First, Pickell did not file (1) amended pleadings with the court raising a defense or asking for affirmative relief based on the mediated settlement agreement or (2) a motion for summary judgment based on the agreement. *See Martin v. Black*, 909

---

1. Pickell filed a request with this court to supplement the transcript to provide the record of the Motion to Transfer Venue, however, this court has not been presented with a supplemental record as of the date of issuance of this opinion.

S.W.2d 192, 195 (Tex.App.—Houston [14th Dist.] 1995, writ filed); *Stevens v. Snyder,* 874 S.W.2d 241, 243–244 (Tex.App.—Dallas 1994, writ denied). The court cannot take action on the mediated settlement agreement without an affirmative request to do so. *Id.* Second, the mediated agreement contains a contingency. The record contains no proof that the contingency was met, and in fact, contains evidence that the contingency was *not* met. Thus, the record reflects that there was no final, binding settlement agreement between the parties.

Third, and most importantly, Pickell and Guaranty were subject to a docket control order requiring them to appear for a pre-trial conference on May 6, 1994, and a trial on May 9, 1994. The docket control order specifically states that the dates in the order may be changed by agreement of the parties "except those for the pre-trial conference and trial." The record does not show that either date was ever continued or changed. In addition, the court order for mediation states, "Referral to alternative dispute resolution is not a substitute for trial, however, the case will be tried if not settled." It is also undisputed that Pickell did not contact the court to inquire whether, in light of the settlement agreement, he needed to appear for the pre-trial conference or the trial.

■ A party has a duty to keep himself informed of when a case is set for trial. *Peck v. Ray,* 601 S.W.2d 165, 168 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). The supervision of the trial docket is properly left to the discretion of the trial court because the trial courts are responsible for moving cases from filing to judgment. *W.W. Rodgers and Sons Produce Company v. Johnson,* 673 S.W.2d 291, 293 (Tex.App.—Dallas 1984, no writ).

■ When a defendant files an answer but fails to appear at trial, the trial court must allow the plaintiff to proceed to trial and prove his case. *Vickery v. Texas Carpet Co., Inc.,* 792 S.W.2d 759, 762 (Tex.App.—Houston [14th Dist.] 1990, writ denied). If the requested relief is in accordance with the pleadings, and the plaintiff has proven his case as in a judgment upon the trial, the trial court is authorized to enter a judgment,

called a post-answer default judgment. *Karl & Kelly Co., Inc. v. McLerran,* 646 S.W.2d 174, 175 (Tex.1983); *Stoner v. Thompson,* 578 S.W.2d 679, 682 (Tex.1979); *Maldonado v. Puente,* 694 S.W.2d 86, 91 (Tex.App.—San Antonio 1985, no writ); *Conrad v. Orellana,* 661 S.W.2d 309, 312 (Tex.App.—Corpus Christi 1983, no writ).

At the default judgment hearing below, Guaranty presented sufficient evidence to support its tortious interference claim. Consequently, the trial court was authorized to enter a default judgment when Pickell failed to appear before the court on the scheduled date for trial. *Karl & Kelly Co., Inc. v. McLerran,* 646 S.W.2d at 175; *Maldonado v. Puente,* 694 S.W.2d at 91. We overrule Pickell's second point of error.

## THE REFUSAL TO SET ASIDE DEFAULT JUDGMENT

■ In his third point of error, Pickell claims that the trial court abused its discretion in refusing to set aside the judgment because Pickell's failure to appear for trial was reasonable in view of the mediated settlement and Pickell's execution and return of all settlement papers Guaranty sent to him. The only argument Pickell makes in support of this claim is that the judge had no power to enter the default judgment in light of the mediated settlement agreement. We have dealt with and disposed of this claim under point of error two.

Pickell also states that he acted reasonably in not appearing for trial and thus, the trial court should have set aside the default judgment. It is well-settled in this state that a defaulting party must do very specific things to require a trial court to set aside a default judgment. *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124 (1939). In *Craddock* the Supreme Court set out three requirements a defaulting party must meet before the trial court is required to set aside a default judgment. The defaulting party *must do* the following:

1. Present facts showing that the failure to appear was not intentional or the result of conscious indifference but was due to accident or mistake;

2. Set up a meritorious defense; *and*

3. File the motion for new trial when it would not cause delay or otherwise injure the prevailing party.

*Id.,* 133 S.W.2d at 126. The *Craddock* requirements are applicable to post-answer default judgments. *Ivy v. Carrell,* 407 S.W.2d 212, 213 (Tex.1966). Clearly, focusing solely on the reasonableness of one's actions is not enough to require a trial court to set aside a default judgment.

Under *Craddock,* Pickell had to (1) allege facts and attach affidavits to a verified motion to set aside the default judgment that would meet the three *Craddock* requirements or (2) present evidence at the hearing on his motion that met those requirements. *Id.,* 133 S.W.2d at 126; *Ivy v. Carrell,* 407 S.W.2d at 214–215. He did neither. His motion was unverified and did not even contain unsworn *allegations* meeting the three *Craddock* requirements. Furthermore, he did not establish the three requirements at the hearing. The only evidence Pickell presented at the hearing was the March 30, 1994 letter to Pickell's lawyer from Guaranty's lawyer conveying settlement documents. The mediated settlement agreement was not admitted into evidence at the hearing. No executed settlement agreements or agreed judgments or dismissals between Guaranty and Pickell or Guaranty and Bohannon were entered into evidence, nor did Pickell ask Bohannon or his lawyer to testify that they had settled their case with Guaranty.[2] Finally, Pickell presented no evidence whatsoever concerning the third prong of the *Craddock* test.

In short, Pickell introduced no evidence to meet the last two requirements of *Craddock* and introduced only *some* evidence to *try* to meet the first requirement. He thus failed to meet the burden necessary to have the default judgment set aside and therefore the trial judge did not abuse her discretion in overruling the motion to set aside default judgment. *Id.* Pickell's third point of error is overruled.

**2.** Bohannon's lawyer was at the hearing but no request was made to have her tell the judge the

## CONCLUSION

We acknowledge that the result in this case is harsh. Pickell went from being the purported recipient of $10,000 and having his attorney's fees paid, to being a $267,681 judgment debtor in a case he assumed was settled. Moreover, it appears that the trial judge knew about the mediated settlement agreement before she chose to go forward with the default judgment hearing. Although most judges probably would have inquired further and attempted to contact Mr. Pickell to find out why he was not at the pre-trial conference or trial, or to inquire further about the settlement, a trial court is not *required* to take such steps when a litigant fails to appear for the pre-trial conference or trial. Moreover, the mere fact that the judges on this panel would have handled this case differently from the trial judge is not the test for abuse of discretion. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex.1985).

> The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles.

*Id.* at 241–242 (citing *Craddock v. Sunshine Bus Lines,* 133 S.W.2d at 126). The trial judge did not act without reference to any guiding rules or principles, as shown by the case law we have cited supporting the trial judge's actions. Consequently, we cannot say the trial judge abused her discretion, and we overrule appellant's third point of error.

We affirm the judgment of the trial court.

status of the Guaranty/Bohannon settlement.