IN RE J.D.K.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-280-CV

IN THE INTEREST OF J.D.K., A CHILD 

------------

FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Carl K., pro se, appeals from the trial court’s default judgment against him in this suit to establish the parent-child relationship filed by the Attorney General.  Although appellant does not assign specific issues or points to his complaints, he does complain that (1) the default judgment should be set aside because he could not attend the hearing through no fault of his own because he had been in a car accident, (2) retroactive child support should not have been awarded to appellee Lisa K. because their daughter, J.D.K., had not lived with Lisa since she was twelve years old, and (3) he has evidence showing that he did support J.D.K. in the past until she decided to move out on her own and marry.  We affirm.

On January 23, 2006, when J.D.K. was seventeen years old, the Attorney General filed a petition to establish Carl’s paternity
(footnote: 2) and order him to pay current and retroactive child support.  Although he was served with citation and received notice of the hearing on the petition, Carl failed to appear at the July 21, 2006 hearing.  The trial court entered a default judgment against him after hearing testimony from Lisa regarding Carl’s failure to pay child support in the amount of $8,320.
(footnote: 3)  The default judgment orders Carl to pay retroactive child support of $8,320 to Lisa in $300 installments beginning August 1, 2006.  It also requires him to pay court costs. 

Carl did not file any document purporting to be a motion for new trial
.  On August 11, 2006, twenty-one days after the hearing, Carl filed a sworn “Affidavit of Inability” with the trial court, in which he averred that he could not pay court costs due to his unemployment and debts.  In the affidavit, he also states that he believes he has a “meritorious claim.”  The same day, he filed a notice of appeal stating that he “could not be in court due to an auto accident [a]nd could not be heard to give testimony about this cause.”  He also stated in the notice of appeal that J.D.K. had not lived with Lisa for the last four years and that the amount set by the trial court did not follow the Attorney General’s percentage of income guidelines.
(footnote: 4)  The trial court did not hold a hearing or make any ruling as to the assertions set forth in Carl’s affidavit of inability or notice of appeal.

When extrinsic evidence is necessary to challenge a default judgment, a motion for new trial is a prerequisite to complaining on appeal that it should be set aside.  
See
 
Tex. R. Civ. P
. 324(b)(1); 
Massey v. Columbus State Bank
, 35 S.W.3d 697, 699 (Tex. App.—Houston [1st Dist.] 2000, pet. denied); 
Zuniga v. Zuniga
, 13 S.W.3d 798, 802 (Tex. App.—San Antonio 1999, no pet.), 
disapproved of on other grounds by In re Z.L.T
., 124 S.W.3d 163 (Tex. 2003); 
see also Craddock v. Sunshine Bus Lines, Inc
., 134 Tex. 388, 133 S.W.2d 124, 126 (1939) (establishing matters defendant must prove to obtain new trial after default judgment).  In the motion for new trial, the movant must (1) establish that the failure to answer was not intentional or the result of conscious indifference, (2) set up a meritorious defense, and (3) demonstrate that setting aside the default judgment would not delay or otherwise injure the plaintiff.  
In re R.R
., 209 S.W.3d 112, 114-15 (Tex. 2006); 
Craddock
, 133 S.W.2d at 126; 
In re K.B.A
., 145 S.W.3d 685, 691 (Tex. App.—Fort Worth 2004, no pet.).  To successfully challenge a default judgment, the movant must allege, and support with sworn proof, the three 
Craddock
 requirements.  
Ivy v. Carrell
, 407 S.W.2d 212, 214 (Tex. 1966); 
Wal-Mart Stores, Inc. v. Kelley
, 103 S.W.3d 642, 644 (Tex. App.—Fort Worth 2003, no pet.); 
Pickell v. Guaranty Nat’l Life Ins. Co
., 917 S.W.2d 439, 443 (Tex. App.—Houston [14th Dist.] 1996, no writ).

Even if we were to construe the statements in Carl’s affidavit of inability and notice of appeal as a motion for new trial, 
see Zuniga
, 13 S.W.3d at 802-03, the allegations set forth in those documents are not supported by sufficient sworn proof; thus, they would not entitle Carl to relief.  
See
 
Ivy
, 407 S.W.2d at 214-15; 
Kelley
, 103 S.W.3d at 644; 
Massey
, 35 S.W.3d at 699; 
Pickell
, 917 S.W.2d at 443.  And because Carl did not file a motion for new trial with supporting proof, the allegations in his brief are not included in the appellate record.  Accordingly, we overrule Carl’s complaint that the trial court improperly entered a default judgment against him for failure to appear.  Because none of Carl’s remaining complaints are supported by the record, we overrule them as well.

Having overruled all of Carl’s complaints, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DELIVERED: September 27, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Although no evidence of Carl’s alleged paternity was admitted at trial, Carl admits in his brief that he is J.D.K.’s father.  Moreover, his complaints appear to concern only the retroactive child support award rather than the adjudication of his paternity.

3:
By the time of trial, J.D.K. was eighteen years old, so the trial court did not establish conservatorship or order future child support or medical support. 

4:
When the obligor’s monthly net income is less than $6,000, the child support guidelines provide the obligor to pay twenty percent of the monthly net income for one child.  
See
 
Tex. Fam. Code Ann
. § 154.125(b) (Vernon 2002) (amended effective Sept. 1, 2007, to increase amount to $7,500); 
see also
 
id
. §§ 154.009(b) (requiring trial court to follow statutory child support guidelines when ordering retroactive support), 154.068 (“In the absence of evidence of the wage and salary income of a party, the court shall presume that the party has wages or salary equal to the federal minimum wage for a 40-hour week.”), 154.131 (providing factors for court to consider in awarding retroactive support) (amended effective Sept. 1, 2007 to add subsection (f)).  Here, the State introduced Exhibit 1, which it represented was calculations for the retroactive child support judgment.  That exhibit lists the amounts of net monthly income from 2006 to 2006; for each year, the corresponding monthly child support amount is calculated to be $160, which is approximately twenty percent of the net monthly income for each year.  For example, the net monthly income for 2005 is listed as $783.60; twenty percent of that is $156.72, and seven monthly payments were shown as unpaid.  But for 2006, for which twelve monthly payments were unpaid, the net income was shown as $803.45, twenty percent of which is $160.69.