COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-280-CV

 

 

IN THE INTEREST OF J.D.K., A CHILD                                                     

                                                                                                        

 

                                              ------------

 

            FROM
THE 415TH DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Carl K., pro se, appeals from the trial court=s default judgment
against him in this suit to establish the parent-child relationship filed by
the Attorney General.  Although appellant
does not assign specific issues or points to his complaints, he does complain that
(1) the default judgment should be set aside because he could not attend the
hearing through no fault of his own because he had been in a car accident, (2)
retroactive child support should not have been awarded to appellee Lisa K.
because their daughter, J.D.K., had not lived with Lisa since she was twelve
years old, and (3) he has evidence showing that he did support J.D.K. in the
past until she decided to move out on her own and marry.  We affirm.

On January 23, 2006, when J.D.K. was seventeen years old,
the Attorney General filed a petition to establish Carl=s paternity[2]
and order him to pay current and retroactive child support.  Although he was served with citation and
received notice of the hearing on the petition, Carl failed to appear at the
July 21, 2006 hearing.  The trial court
entered a default judgment against him after hearing testimony from Lisa regarding
Carl=s failure to pay
child support in the amount of $8,320.[3]  The default judgment orders Carl to pay
retroactive child support of $8,320 to Lisa in $300 installments beginning
August 1, 2006.  It also requires him to
pay court costs. 








Carl did not file any document purporting to be a motion
for new trial.  On August 11, 2006, twenty-one
days after the hearing, Carl filed a sworn AAffidavit of
Inability@ with the trial court, in which he averred
that he could not pay court costs due to his unemployment and debts.  In the affidavit, he also states that he
believes he has a Ameritorious claim.@  The same day, he filed a notice of appeal
stating that he Acould not be in court due to an auto
accident [a]nd could not be heard to give testimony about this cause.@  He also stated in the notice of appeal that
J.D.K. had not lived with Lisa for the last four years and that the amount set
by the trial court did not follow the Attorney General=s percentage of
income guidelines.[4]  The trial court did not hold a hearing or
make any ruling as to the assertions set forth in Carl=s affidavit of
inability or notice of appeal.








When extrinsic evidence is necessary to challenge a default
judgment, a motion for new trial is a prerequisite to complaining on appeal
that it should be set aside.  See Tex. R. Civ. P. 324(b)(1); Massey v.
Columbus State Bank, 35 S.W.3d 697, 699 (Tex. App.CHouston [1st
Dist.] 2000, pet. denied); Zuniga v. Zuniga, 13 S.W.3d 798, 802 (Tex.
App.CSan Antonio 1999,
no pet.), disapproved of on other grounds by In re Z.L.T., 124 S.W.3d
163 (Tex. 2003); see also Craddock v. Sunshine Bus Lines, Inc., 134 Tex.
388, 133 S.W.2d 124, 126 (1939) (establishing matters defendant must prove to
obtain new trial after default judgment). 
In the motion for new trial, the movant must (1) establish that the
failure to answer was not intentional or the result of conscious indifference,
(2) set up a meritorious defense, and (3) demonstrate that setting aside the
default judgment would not delay or otherwise injure the plaintiff.  In re R.R., 209 S.W.3d 112, 114-15
(Tex. 2006); Craddock, 133 S.W.2d at 126; In re K.B.A., 145
S.W.3d 685, 691 (Tex. App.CFort Worth 2004,
no pet.).  To successfully challenge a
default judgment, the movant must allege, and support with sworn proof, the
three Craddock requirements.  Ivy
v. Carrell, 407 S.W.2d 212, 214 (Tex. 1966); Wal-Mart Stores, Inc. v.
Kelley, 103 S.W.3d 642, 644 (Tex. App.CFort Worth 2003,
no pet.); Pickell v. Guaranty Nat=l Life Ins. Co., 917 S.W.2d 439,
443 (Tex. App.CHouston [14th Dist.] 1996, no writ).








Even if we were to construe the statements in Carl=s affidavit of
inability and notice of appeal as a motion for new trial, see Zuniga, 13
S.W.3d at 802-03, the allegations set forth in those documents are not
supported by sufficient sworn proof; thus, they would not entitle Carl to
relief.  See Ivy, 407
S.W.2d at 214-15; Kelley, 103 S.W.3d at 644; Massey, 35 S.W.3d at
699; Pickell, 917 S.W.2d at 443. 
And because Carl did not file a motion for new trial with supporting
proof, the allegations in his brief are not included in the appellate
record.  Accordingly, we overrule Carl=s complaint that
the trial court improperly entered a default judgment against him for failure
to appear.  Because none of Carl=s remaining
complaints are supported by the record, we overrule them as well.

Having overruled all of Carl=s complaints, we
affirm the trial court=s judgment.

 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL B:    LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DELIVERED:
September 27, 2007











[1]See Tex. R. App. P. 47.4.





[2]Although
no evidence of Carl=s
alleged paternity was admitted at trial, Carl admits in his brief that he is
J.D.K.=s
father.  Moreover, his complaints appear
to concern only the retroactive child support award rather than the
adjudication of his paternity.





[3]By
the time of trial, J.D.K. was eighteen years old, so the trial court did not
establish conservatorship or order future child support or medical support. 





[4]When
the obligor=s
monthly net income is less than $6,000, the child support guidelines provide
the obligor to pay twenty percent of the monthly net income for one child.  See Tex.
Fam. Code Ann. '
154.125(b) (Vernon 2002) (amended effective Sept. 1, 2007, to increase amount
to $7,500); see also id. '' 154.009(b) (requiring trial
court to follow statutory child support guidelines when ordering retroactive
support), 154.068 (AIn
the absence of evidence of the wage and salary income of a party, the court
shall presume that the party has wages or salary equal to the federal minimum
wage for a 40‑hour week.@), 154.131 (providing factors
for court to consider in awarding retroactive support) (amended effective Sept.
1, 2007 to add subsection (f)).  Here,
the State introduced Exhibit 1, which it represented was calculations for the
retroactive child support judgment.  That
exhibit lists the amounts of net monthly income from 2006 to 2006; for each
year, the corresponding monthly child support amount is calculated to be $160,
which is approximately twenty percent of the net monthly income for each
year.  For example, the net monthly
income for 2005 is listed as $783.60; twenty percent of that is $156.72, and
seven monthly payments were shown as unpaid. 
But for 2006, for which twelve monthly payments were unpaid, the net
income was shown as $803.45, twenty percent of which is $160.69.