**Opinion issued July 20, 2021**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-19-00984-CV

_____

**PRESTON LOHMANN, Appellant**

**V.**

**ANDREA SANCHEZ, Appellee**

---

**On Appeal from the 247th District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-01466**

---

## MEMORANDUM OPINION

Appellant Preston Lohmann appeals pro se from the trial court's entry of a default judgment in favor of appellee Andrea Sanchez in her suit affecting the parent-child relationship. We affirm the trial court's judgment.

## Background

Sanchez filed her "Original Petition in Suit Affecting the Parent-Child Relationship" on January 9, 2012 in the 257th Judicial District Court of Harris County, asking the trial court to appoint both Sanchez and Lohmann as joint managing conservators of their son J.L., who was six months old at the time, and designate Sanchez as the conservator with the exclusive right to designate J.L.'s primary residence. On March 19, 2013, the trial court entered an order appointing Sanchez and Lohmann as joint managing conservators, but designating Lohmann as the parent with the "exclusive right to designate the primary residence" of J.L. and primary physical custody of J.L. The trial court also ordered Sanchez to pay Lohmann child support each month and to obtain health insurance for J.L.

Two years later, on March 30, 2015, Sanchez filed a "Petition to Modify Parent-Child Relationship," requesting that she be granted the exclusive right to designate J.L.'s primary residence and that Lohmann be granted possession and access to J.L. pursuant to a standard possession order. She also requested that, if the parties could not agree to custody orders, the trial court should order J.L. to be placed in an "organized pre-k education program and to receive speech therapy, in accordance with a physician's recommendation, by a licensed speech therapist." Lohmann answered and moved for summary judgment, arguing that circumstances had not materially changed since the trial court's entry of the March 19, 2013 order.

On February 15, 2016, Sanchez filed a Notice of Nonsuit stating that she no longer desired to prosecute the suit against Lohmann, and the trial court entered an order granting the nonsuit.

In October 2017, Sanchez filed a Motion for Enforcement of Possession or Access and Order to Appear, alleging that Lohmann failed to surrender J.L. on three occasions as required under the possession terms of the March 2013 order. On October 27, 2017, the trial court entered an order requiring Lohmann to appear and respond to the motion for enforcement on November 16, 2017. A few days later, on October 30, 2017, Sanchez filed another Petition to Modify Parent-Child Relationship, arguing that she should be appointed as sole managing conservator. She also argued that Lohmann should be denied access to J.L. or that his periods of visitation be supervised in light of Lohmann's "history or pattern of child neglect direct against [J.L.]" On October 31, 2017, the trial court entered a temporary restraining order and set a hearing on temporary orders for November 16, 2017.[1]

The trial court conducted a hearing on the temporary orders on November 16, 2017, before Associate Judge Gaffney. According to the trial court's docket sheet, Lohmann was personally served with citation, the motion to modify, and the order

---

[1] The trial court's order stated that the "clerk shall issue notice to Respondent, Preston Lohmann, to appear . . . before this Court in the courthouse at 201 Caroline, 16th Floor, Houston, Texas on November 16, 2017 at 8:30 a.m."

setting hearing, but failed to appear. Following the November 16 hearing, the trial court entered Default Temporary Orders appointing Sanchez as the temporary sole managing conservator and Lohmann as the temporary possessory conservator. The temporary modification order also granted Lohmann possession and access to J.L. through the Harris County SAFE Visitation Program.

On November 27, 2017, Lohmann filed a response to the motion for enforcement on November 27, 2017 and a response to the motion to modify on November 30, 2017. Several months later, Lohmann moved for summary judgment, arguing that Sanchez's motion to modify had "no merit" and that the circumstances had not materially changed since the trial court's entry of its March 2013 order.[2] He also set his motion for summary judgment for hearing, along with a motion to recuse.[3]

On May 9, 2019, the Honorable Sandra Peake, the presiding judge of the 257th Judicial District Court, entered an order of voluntary recusal, finding that although

_____

[2]   Lohmann alleged that he cared for J.L. on numerous occasions during Sanchez's possessory time when she "wanted to partake in other activities." He also alleged that he had proof Sanchez "frequented bars to drink while [J.L.] is in her care," and that her "friends and affiliates are very questionable at best," with many having criminal records. According to Lohmann, the SAFE Program did not exist, and he had "emails from the Texas State Attorney General affirming same, [and] audio recordings [of] the alleged employee of SAFE admit[ting] they were not an entity doing supervised visits."

[3]   A copy of this motion to recuse filed by Lohmann is not contained in the clerk's record, only the notice of hearing.

4

she was impartial, she felt "judicial economy and the appearance of propriety will be better served if the Court *sua sponte* recuses itself." The presiding judge of the Eleventh Administrative Region entered an order on May 13, 2019 transferring the case from the 257th Judicial District Court to the 247th Judicial District Court. Lohmann filed a second motion to recuse following the case's transfer. This motion was referred to the presiding judge of the Eleventh Administrative Region after the Honorable Janice Berg declined to voluntarily recuse. The motion was denied.

The trial court conducted a hearing on the merits of the motion to modify on October 9, 2019. Although Lohmann was "duly and properly notified," he failed to appear. The trial court proceeded with a hearing on Sanchez's motion to modify and, after hearing testimony and receiving evidence, entered a default order modifying the parent-child relationship. In this order, dated November 18, 2019, Sanchez was appointed sole managing conservator and Lohmann was appointed possessory conservator. Lohmann was also ordered to have visitation and access through the Harris County Domestic Relations Office Supervised Visitation Program and to pay child support to Sanchez.

On December 11, 2019, Lohmann filed a motion for new trial, which stated:

Preston Lohmann, the respondent in this case, has an abundant amount of evidence that his Motions were never heard by the court, both the 257th and 247th, even though proper filings and notices were done correctly in accordance with the Texas Rules of Civil Procedure. Both courts never listened to any evidence brought forth by himself. Also, Preston Lohmann has sustained five herniated discs, a very serious

5

spinal injury, and notified the court of him not being able to attend, but to no avail. A note from a spinal doctor was even sent to the court clerk.

Lohmann did not attach any affidavits or other evidence to his motion for new trial.[4] The record reflects that Lohmann's motion for new trial was set for hearing on February 6, 2020, but Lohmann failed to appear at that hearing. Thus, his motion for new trial was overruled by operation of law. This appeal followed.

## Adequacy of Notice of Appeal

As it concerns this Court's jurisdiction over Lohmann's appeal, we must first address Sanchez's argument that Lohmann's notice of appeal is deficient under Texas Rule of Appellate Procedure 25.1.

Rule 25.1 provides that a notice of appeal must, among other things: (1) identify the trial court and state the case's trial court number and style; (2) state the date of the judgment or order appealed from; (3) state that the party desires to appeal; (4) state the court to which the appeal is taken unless the appeal is to either the First or Fourteenth Court of Appeals, in which case the notice must state that the appeal is to either of those courts; and (5) state the name of each party filing the notice. TEX. R. APP. P. 25.1(d).

In cases challenging the validity of the notice of appeal, the Supreme Court of Texas has "consistently held that a timely filed document, even if defective, invokes

---

[4]     Or, if such evidence was attached, it is not included in the clerk's record.

6

the court of appeals' jurisdiction." *Sweed v. Nye*, 323 S.W.3d 873, 875 (Tex. 2010) (per curiam). Thus, a court of appeals has jurisdiction over any appeal where the appellant files an instrument in a bona fide attempt to invoke appellate jurisdiction. *In re J.M.*, 396 S.W.3d 528, 529–31 (Tex. 2013) (per curiam) ("A party complies with Rule 25.1 by making a bona fide attempt to invoke appellate jurisdiction."); *In re K.A.F.*, 160 S.W.3d 923, 927–28 (Tex. 2005) ("[A] court of appeals has jurisdiction over an appeal if the appellant timely files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction."); *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994) ("The court of appeals . . . has jurisdiction over the appeal if a party files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction.").

This principle reflects the policy embodied in the appellate rules that disfavors disposing of appeals based on harmless procedural defects; thus, we construe the rules reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule. *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997); *see Maxfield v. Terry*, 888 S.W.2d 809, 811 (Tex. 1994) (holding rules should be interpreted liberally to give appellate courts the opportunity to reach the merits of an appeal whenever possible). In cases challenging the validity of appellate review, the primary factor that determines whether jurisdiction has been conferred on the appellate court is not the form or

substance of the perfecting instrument, but whether the instrument was filed in a bona fide attempt to invoke the appellate court's jurisdiction. *In re J.M.*, 396 S.W.3d at 530 (citing *Warwick Towers Council of Co–Owners ex rel. St. Paul Fire & Marine Ins. Co. v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008)).

Here, the notice of appeal is entitled just that: "Notice of Appeal." Further, the notice of appeal states that "Lohmann has filed a notice of appeal to protect his post-judgment rights in case an appeal needs to be filed." This filing expresses an intent to appeal to the court of appeals. We therefore conclude that it was filed in a bona fide attempt to invoke this Court's appellate jurisdiction, and that we have jurisdiction over this appeal. *See In re J.M.*, 396 S.W.3d at 531 (holding document entitled "Motion for New Trial or, in the Alternative, Notice of Appeal," was a bona fide attempt to invoke appellate jurisdiction because it stated that appellant "wished to appeal this case to the court of appeals" and was partially entitled a notice of appeal).

## Adequacy of Lohmann's Appellate Briefing

We next address Sanchez's argument that we are unable to consider any of Lohmann's issues on appeal because he has failed to adequately brief them. We note that, as he did in the trial court, Lohmann is representing himself on appeal. Although we liberally construe pro se briefs, we require pro se litigants to comply with applicable laws and rules of procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444

(Tex. 2005) (stating "pro se litigants are not exempt from the rules of procedure"); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves."). "Having two sets of rules—a strict set for attorneys and a lenient set for pro se parties—might encourage litigants to discard their valuable right to the advice and assistance of counsel." *Wheeler*, 157 S.W.3d at 444. "Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel." *Mansfield State Bank*, 573 S.W.2d at 185; *see also Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.–El Paso 2007, no pet.).

Under the Rules of Appellate Procedure, Lohmann's brief must "state concisely all issues or points presented for review," as well as contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(f), (i). When an appellate issue is unsupported by argument or lacks citation to the record or legal authority, nothing is presented for review. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing "long-standing rule" that inadequate briefing waives issue on appeal). An appellate court has no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error. *See Valadez*, 238 S.W.3d at 845; *Romero v. Batra*, No.

9

01-17-00487-CV, 2018 WL 5289136, at *2 (Tex. App.—Houston [1st Dist.] Oct. 25, 2018, no pet.) (same); *Coleman v. Progressive Cty. Mut. Ins. Co.*, No. 01-16-00448-CV, 2017 WL 3184753, at *1 (Tex. App.—Houston [1st Dist.] July 27, 2017, no pet.) (mem. op.) (same); *see also Wade v. Comm'n for Lawyer Discipline*, 961 S.W.2d 366, 373 (Tex. App.—Houston [1st Dist.] 1997, no pet.) ("An appellate court is under no duty to make an independent search of the record for evidence supporting an appellant's position."). Were we to do so, even on behalf of a pro se appellant, we would be abandoning our role as neutral adjudicators and become an advocate for that party. *Valadez*, 238 S.W.3d at 845; *see also Romero*, 2018 WL 5289136, at *2; *Coleman*, 2017 WL 3184753, at *1.

Lohmann recites some facts and procedural history of this case. He also makes several statements that the underlying proceedings were "illegal" and "unjust" and that Sanchez's multiple attempts to modify the custody arrangements had "no merit."[5] He does not, however, include a statement of issues or identify any specific appellate issues for our review in his brief. He also fails to include a single citation

---

[5] Lohmann also filed a separate "urgent notice" with this Court stating that "Leon Covin is married to [J.L.'s] Mother, Andrea Marie Sanchez, the other party in this matter, who herself is a convicted felon for embezzling over $70,000." The notice purports to attach a news article taken from the Department of Justice website, indicating that Leon Covin was taken into custody on charges involving the distribution of methamphetamine, cocaine, and prescription opioids. Lohmann does not, however, demonstrate that any evidence related to Sanchez's relationship with Covin, her alleged embezzlement conviction, or Covin's alleged involvement with narcotics was presented to the trial court or is contained in our appellate record.

to legal authorities or to the record. *See* TEX. R. APP. P. 38.1(f), (i) (stating appellants' briefs must state issues presented for review and contain clear and concise argument for such issues, with appropriate citations to authorities and record). Furthermore, Lohmann makes several references to having "proof" of his allegations, yet he fails to cite to anywhere in the record containing such proof. Accordingly, we hold that Lohmann has presented nothing for our review and has waived any appellate issues due to inadequate briefing. *See Fredonia State Bank*, 881 S.W.2d at 284–85; *Romero*, 2018 WL 5289136, at *2; *Coleman*, 2017 WL 3184753, at *1.

Moreover, even if Lohmann's brief could be construed as challenging the trial court's modification of conservatorship, Lohmann has failed to demonstrate that he would be entitled to any relief. As noted, Lohmann failed to appear at the trial on the merits on Sanchez's motion to modify, and the trial court entered a default order against Lohmann. Lohmann filed a motion for new trial, but no hearing was conducted because Lohmann failed to appear at the hearing on his motion. The motion for new trial was overruled by operation of law.[6]

---

[6] We also note that it is unlikely Lohmann preserved any argument raised in his motion for new trial because he failed to attach any affidavits or other evidence to his motion and also failed to appear at the hearing on the motion for new trial (and thus did not present any evidence at the hearing). *See* TEX. R. APP. P. 33.1(b) ("In a civil case, the overruling by operation of law of a motion for new trial or a motion to modify the judgment preserves for appellate review a complaint properly made in the motion, unless taking evidence was necessary to properly present the

To show he was entitled to have the trial court set aside the default judgment and grant a new trial, Lohmann had to demonstrate that he satisfied the requirements of *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124, 126 (Tex. 1939). Under *Craddock*, a default judgment should be set aside and a new trial granted when the defaulting defendant shows (1) his failure to appear was not intentional or the result of conscious indifference, but was due to an accident or mistake; (2) he has a meritorious defense; and (3) a new trial would cause neither delay nor work an injury to the plaintiff. *Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005); *Mahand v. Delaney*, 60 S.W.3d 371, 373 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *see also Lopez v. Lopez*, 757 S.W.2d 721, 722 (Tex. 1988) (explaining that *Craddock* applies in both no-answer and post-answer defaults). The *Craddock* factors apply in suits affecting the parent-child relationship, such as this one. *See Harris v. Burks*, No. 01-06-00128-CV, 2007 WL 1776048, at *1 (Tex. App.—Houston [1st Dist.] June 21, 2007, no pet.) (mem. op.).

---

complaint in the trial court."); TEX. R. CIV. P. 324(b)(1) ("A point in a motion for new trial is a prerequisite to the following complaints on appeal . . . [a] complaint upon which evidence must be heard such as . . . failure to set aside a judgment by default.").

Lohmann does not address the *Craddock* factors in either his motion for new trial or in his appellate briefing. And though he filed a motion for new trial (which was unverified), Lohmann failed to attach any evidence to that motion.[7]

We also note that a reporter's record has not been filed in this Court. The trial court's docket sheet and Sanchez's brief indicate that the trial court held recorded hearings on November 16, 2017 on the temporary orders, on October 9, 2019 at the trial on the merits of the motion to modify, and on February 6, 2020 on Lohmann's motion for new trial.

On January 14, 2020, the court reporter for the 247th Judicial District Court filed an information sheet notifying this Court that there was a reporter's record in this case but that it had not been prepared because Lohmann had not made

---

[7] We note that in his motion for new trial, Lohmann stated that he "sustained five herniated discs, a very serious spinal injury, and notified the court of him not being able to attend, but to no avail. A note from a spinal doctor was even sent to the court clerk." These statements, if supported by evidence, could have been relevant to the first element of *Craddock*—that his failure to appear was not a result of conscious indifference. However, he failed to attach any evidence to the motion that would have showed he was in fact injured and failed to include the note he alleged was sent to the court clerk. Moreover, he did not attach evidence or include any allegations addressing the other two elements of *Craddock*. *See Pickell v. Guar. Nat. Life Ins. Co.*, 917 S.W.2d 439, 443 (Tex. App.—Houston [14th Dist.] 1996, no writ) (holding that under *Craddock*, defendant had to (1) allege facts and attach affidavits to a verified motion to set aside the default judgment that would meet the three *Craddock* requirements or (2) present evidence at the hearing on his motion that met those requirements, but that defendant did neither and instead filed an unverified motion that did not "even contain unsworn allegations meeting the three Craddock requirements")

13

arrangements to pay for the record and was not indigent. On March 20, 2020, we sent Lohmann a notice that the court reporter had not filed the past-due record because he did not make arrangements to pay the court reporter's fee. We notified Lohmann that the final deadline to submit written evidence that he had paid or made arrangements to pay the court reporter's fee was April 20, 2020. We also notified Lohmann that if a reporter's record was not filed, this Court could require him to file his brief and would consider and decide his appeal on the issues or points raised that do not require a reporter's record for decision. *See* TEX. R. APP. P. 37.3(c). Despite this notice, Lohmann failed to pay for the reporter's record, and it was never filed.

An appellant bears the burden to bring forward an appellate record that enables the appellate court to determine whether the appellant's complaints constitute reversible error. *See Enter. Leasing of Hous. v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004) (per curiam); *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (stating burden is on appellant to present sufficient record to show error requiring reversal). If the appellant desires a reporter's record on appeal, he must request the court reporter to prepare the record and arrange for payment of the court reporter's fee for doing so. *See* TEX. R. APP. P. 35.3(b). The request must designate the exhibits to be included and be filed with the trial court. TEX. R. APP. P. 34.6(b). When the issues on appeal necessarily involve consideration of evidence omitted from the appellate record, we must presume the missing evidence supports the trial

14

court's ruling. *See Barrios*, 156 S.W.3d at 550; *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 806 (Tex. App.—Dallas 2006, pet. denied) (evidence presumed to be sufficient to support trial court's order when appellant fails to bring reporter's record). Issues depending on the state of the evidence cannot be reviewed without a complete record, including the reporter's record. *See Ogbeide v. Limbrick*, No. 01-12-00352-CV, 2012 WL 5877630, at *2 (Tex. App.—Houston [1st Dist.] Nov. 21, 2012, no pet.) (citing *Favaloro v. Comm'n for Lawyer Discipline*, 994 S.W.2d 815, 820–21 (Tex. App.—Dallas 1999, pet. struck)). If the appellant fails to bring forward a complete record, the court will conclude he has waived issues dependent on the state of the evidence. *Id.*

Thus, even if we construed Lohmann's brief as challenging the evidence supporting trial court's modification order, he has failed to bring forward a complete record. When as here, there is no reporter's record and no findings of fact, we would be required to presume the trial court heard sufficient evidence to make all necessary findings in support of its judgment. *See Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 251 (Tex. App.—Houston [14th Dist.] 1999, pet. denied); *see also Romero*, 2018 WL 5289136, at *2 (holding even if appellant did not waive arguments due to inadequate briefing, court would be unable to review entire record

because appellant failed to file reporter's record and, therefore, would be required to presume the trial court heard sufficient evidence to support its judgment).[8]

---

[8] To the extent Lohmann's brief could be construed as challenging the trial court's failure to rule on his various motions, nothing is presented for our review. Though Lohmann states numerous times that he has "filed several motions and none of mine have been heard," he does not identify for this Court (1) what motions he filed, (2) what motions were not ruled on by the trial court, and (3) where these motions are included in the appellate record or where the trial court refused to rule. *See* TEX. R. APP. P. 33.1(a) (stating rule for preservation of error). Moreover, the record reflects that a number of motions filed by Lohmann were in fact ruled on by the trial court, including two motions to recuse. After Lohmann moved to recuse her, the presiding judge of the 257th Judicial District Court entered an order of voluntary recusal. The presiding judge of the Eleventh Administrative Region transferred the case from the 257th Judicial District Court to the 247th Judicial District Court, where Lohmann filed yet another motion to recuse. The Presiding Judge of the Eleventh Administrative Region denied the second recusal motion. Additionally, Lohmann moved for summary judgment when the case was pending in the 257th Judicial District Court. However, the motion was never set on the docket of the 247th Judicial District Court after the case was transferred. Lohmann was advised that he "need[ed] to get with the clerk to get that on submission docket," yet nothing in the record reflects that he did so. Finally, Lohmann's motion for contempt was set for hearing along with Sanchez's motion to modify. Because Lohmann failed to appear at that hearing, the trial court dismissed the motion for want of prosecution.

## Conclusion

We affirm the trial court's judgment.

Amparo Guerra
Justice

Panel consists of Justices Countiss, Rivas-Molloy, and Guerra.