DAN'S BIG & TALL SHOP, INC.
d/b/a Tall E Ho, Appellant,

v.

COUNTY OF DALLAS, Dallas Community College District, Dallas County School Equalization Fund, Parkland Hospital District, City of Dallas, and Dallas Independent School District, Appellees.

No. 05–04–00299–CV.

Court of Appeals of Texas, Dallas.

April 13, 2005.

Mike D. Gibbs, Dallas, for appellant.

Charles Adren Caldwell, Edward Lopez, Jr., Linebarger, Goggan, Blair & Sampson, LLP, Dallas, for appellees.

Before Justices MORRIS, MOSELEY, and FITZGERALD.

## OPINION

Opinion by Justice FITZGERALD.

Dan's Big & Tall Shop, Inc. d/b/a Tall E Ho appeals the trial court's judgment for past-due ad valorem property taxes for the years 2000 and 2001. Appellant argues (1) its due process rights were violated because it was not given the opportunity for a hearing before its tax liability became final, and (2) when a buyer purchases a business sometime after January 1, it is liable only for a pro rata share of that year's ad valorem tax, not for the entire year's tax. For the reasons discussed below, we reject appellant's arguments, and we affirm the judgment of the trial court.

### BACKGROUND

On January 1, 2000, a clothing store was operating at 650 Preston Forest Center in Dallas, Texas, under the name "Tall E Ho." On that date, the store was owned by an entity named Tall E Ho, Inc. On August 25, 2000 Tall E Ho, Inc. and appellant entered into an Asset Purchase Agreement (the "Agreement"), whereby appellant purchased all assets of the Dallas store as well as a store in Houston from Tall E Ho, Inc. The Agreement provided that unpaid taxes would be appellant's obligation as the purchaser and that appellant was granted the right to use the trade name "Tall E Ho." However, appellant failed to withhold any amount of the purchase price for payment of the ad valorem taxes. Shortly after the purchase, appellant filed an assumed name

certificate stating that it would be conducting business in Dallas County under the name "Tall E Ho," and appellant continued to operate the store at the same Dallas address, under this same name used by the previous owner. Appellant paid no ad valorem taxes on the personal property of its business for the tax years 2000 and 2001. Appellees (collectively, the "taxing authorities") sued to collect the delinquent taxes.

At trial, the evidence conflicted concerning whether and when appellant notified the taxing authorities that ownership of the clothing store had changed. Regardless, the trial court concluded that appellant received actual notice of both the appraised value of the property and the tax statements for the property when the taxing authorities delivered the tax bills to appellant's correct business address under appellant's assumed name, i.e. Tall–E–Ho. The trial court entered judgment that appellant pay all past-due taxes, interest, and penalties for the tax years 2000 and 2001. This appeal followed.

### WITHHOLDING TAXES FROM PURCHASE PRICE[1]

Appellant's second issue complains that the trial court used the wrong measure to determine the unpaid taxes for the year 2000. Appellant acknowledges it failed to withhold the amount of the ad valorem tax from the sales price when it purchased the business. However, appellant claims the trial court should have assessed appellant only a pro rata share of the year's taxes while the trial court assessed the full amount of taxes owed for the year against appellant.

■ The issue is one of statutory construction, which is a question of law. *Johnson v. City of Fort Worth,* 774 S.W.2d

---

1. We discuss appellant's issues in reverse order because appellant's second issue address-

es the 2000 taxes, and its first issue addresses the 2001 taxes.

653, 656 (Tex.1989). When a business is purchased, the tax code imposes specific obligations on the purchaser:

> (b) The purchaser shall withhold from the purchase price an amount sufficient to pay all of the taxes imposed on the personal property of the business, plus any penalties and interest incurred, until the seller provides the purchaser with:
>
> > (1) a receipt issued by each appropriate collector showing that the taxes due the applicable taxing unit, plus any penalties and interest, have been paid; or
> >
> > (2) a tax certificate issued under Section 31.08 stating that no taxes, penalties, or interest is due the applicable taxing unit.
>
> (c) A purchaser who fails to withhold the amount required by this section is liable for that amount to the applicable taxing units to the extent of the value of the purchase price. . . .

TEX. TAX CODE § 31.081. Appellant focuses on the single word "extent" in subsection (c). Appellant cites to two thesauri, arguing that "extent" is "defined" to mean "proportion, a relative intensity or amount," and thence concludes that the legislature intended the purchaser to be liable only for a "proportional amount" of the unpaid taxes. We disagree.

The statute requires a purchaser to withhold "an amount sufficient to pay *all* of the taxes imposed on the personal property of the business." *Id.* (emphasis added). The statute also makes the purchaser who fails to withhold the statutorily mandated amount "liable for *that* amount," i.e., for the amount sufficient to pay all of the taxes imposed. *See id.* (emphasis added). The word "extent" comes into play only when defining the cap on the purchaser's tax liability: subsection (c) imposes liability only to the "extent" of the purchase price. In this context it is apparent that

"extent" means the point or limit up to which something extends. *See* WEBSTER'S THIRD NEW INT'L DICTIONARY 805 (1981). In other words, if the taxes due exceed the value of the property, the tax liability of the purchaser extends only to the point or limit of the value of the property. But the purchaser is liable for the total amount of taxes imposed (plus penalties and interest) up to that limit. We will not read into the statute any pro rata limitation on this statutory liability. Appellant's second issue is without merit.

## DUE PROCESS

■ Appellant's first issue complains that section 41.411 of the tax code violates appellant's right to due process because the statute fails to give the opportunity to be heard before the taxation becomes final. The section states:

> A property owner is entitled to protest before the appraisal review board the failure of the chief appraiser or the appraisal review board to provide or deliver any notice to which the property owner is entitled.

TEX. TAX CODE ANN. § 41.411(a) (Vernon 2001). A property owner is entitled to receive notice when the appraised value of its property is greater than the appraised value was in the preceding year. *Id.* § 25.19(a)(1) (Vernon Supp.2004–05). The record indicates that for tax year 2001, the appraised value of appellant's property did increase from $415,170 to $436,538. Thus, appellant was entitled to receive a notice of the change. *See id.* We stress at the outset that section 41.411 has been held to satisfy due process concerns by affording "the property owner the opportunity to be heard at some stage of the administrative proceeding and in the trial court." *See Denton Cent. Appraisal Dist. v. CIT Leasing Corp.,* 115 S.W.3d 261, 266 (Tex.App.-Fort Worth 2003, pet. denied) ("section

41.411 gives the property owner the opportunity to be heard at some stage of the administrative proceeding and in the trial court, satisfying due process"). The record raises two questions under this issue: (1) did appellant receive notice of the increased assessment, and (2) if not, did appellant comply with the statutory requirements to obtain a hearing. We address these questions in turn.

### Did Appellant Receive Notice of Increased Assessment?

■ Appellant argues it never received notice of the change in its ad valorem assessment for tax year 2001. The appraisal district's records, which were admitted into evidence at trial, indicate that notice of the change was mailed to Tall E Ho, Inc. d/b/a Tall E Ho at the correct Preston Forest business address. Appellant argues this was insufficient notice because it was not addressed specifically to Dan's Big & Tall Shop, Inc. However, the trial court concluded that appellant received "actual notice" of the appraised value of its property (as well as regular tax statements for the years 2000 and 2001), when the taxing authorities "delivered the tax bill to [appellant's] correct business address under [appellant's] assumed name." We agree.

We note at the outset that appellant's argument, discussed above, concerning its 2000 tax bill—that it owed only a pro rata share of the taxes for that year—clearly acknowledges its obligation to pay ad valorem taxes as the new owner of Tall E Ho. Given that obligation, when appellant received mail from the appraisal district at its business address, and the addressee included the business name Tall E Ho, appellant had an obligation to determine the appraisal district's purpose in sending the mail. Appellant argues the mail was sent to the wrong addressee, i.e., Tall E Ho, Inc. However, the appraisal district

sent the notice and tax bill to the business owner named on its tax roll, just as it was required to do by statute. *See* TEX. TAX CODE § 25.19(a)(1) ("the chief appraiser shall deliver a clear and understandable written notice to a property owner of the appraised value of the property owner's property if: ... the appraised value of the property is greater than it was in the preceding year"); *see also* § 31.01(a) ("the assessor for each taxing unit shall prepare and mail a tax bill to each person in whose name the property is listed on the tax roll or to the person's authorized agent"). Appellant, on the other hand, as the owner of the business, had the obligation to render the property according to statute. *See id* § 22.01(a) ("a person shall render for taxation all tangible personal property used for the production of income that the person owns or that the person manages and controls as a fiduciary on January 1"). The trial court made no finding that appellant had done so. Indeed, on the undated rendition form appellant claims to have filed for 2001, appellant failed to give requested information concerning any applicable "sale, closure, or new location of the business." Appellant had the obligation to pay ad valorem taxes and did not do so. Appellant cannot defend this failure on the ground that a required notice was sent to the "wrong" addressee, when appellant failed to give the appraisal district the necessary information to change the tax roll and to send notices to appellant. Simply put, to the extent notice delivered to appellant's business address was inexact, the fault belonged to appellant, not to the appraisal district. Accordingly, we conclude that, under the circumstances of this case, receipt of the assessment gave adequate notice to appellant of the increase in the assessment. Thus, the question of a hearing based on failure to receive notice and the related question of appellant's due process rights are not implicated by this record.

*Did Appellant Perform Administrative Prerequisites to Obtaining Hearing?*

Even if we were to decide that appellant did not receive adequate notice of an increased appraisal, we would still not identify a due process violation in this case. Section 41.111 does provide the opportunity for a hearing on the failure of a taxpayer to receive notice of an assessment increase. But to obtain a hearing on its failure to receive notice and a final determination of its protest, the property owner must perform two conditions before the date the taxes become delinquent: (1) file a notice of the protest, and (2) pay the lesser of (a) the taxes due or (b) the undisputed portion of the taxes due. TEX. TAX CODE §§ 41.44(c) (filing notice), 42.08(b) (paying taxes) (Vernon 2001); *see also CIT Leasing Corp.,* 115 S.W.3d at 264–65. If the property owner fails to comply with these prerequisites, it "forfeits [its] right to final determination of [its] protest." TEX. TAX CODE § 41.411(c). Appellant did not comply with either of these prerequisites. The law places the burden on the taxpayer to pursue its remedy in a timely manner. *ABT Galveston Ltd. P'ship v. Galveston Cent. Appraisal Dist.,* 137 S.W.3d 146, 157 (Tex.App.-Houston [1st Dist.] 2004, no pet.). Appellant failed to pursue its remedy at all. We conclude appellant has forfeited its protest rights under the tax code. *See* TEX. TAX CODE § 41.411(c).

On both of these grounds, we conclude there was no violation of appellant's due process rights, and we decide appellant's first issue against appellant.

We affirm the judgment of the trial court.