**Opinion issued April 30, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00304-CV

———————————

**TVMAX HOLDINGS, INC. AND BROADBAND VENTURES SIX, L.L.C.,**
**Appellants**

**V.**

**SPRING INDEPENDENT SCHOOL DISTRICT, ALIEF INDEPENDENT SCHOOL DISTRICT, CLEAR CREEK INDEPENDENT SCHOOL DISTRICT, GALENA PARK INDEPENDENT SCHOOL DISTRICT, HUMBLE INDEPENDENT SCHOOL DISTRICT, KLEIN INDEPENDENT SCHOOL DISTRICT, SPRING BRANCH INDEPENDENT SCHOOL DISTRICT, SPRING INDEPENDENT SCHOOL DISTRICT, TOMBALL INDEPENDENT SCHOOL DISTRICT, HOUSTON INDEPENDENT SCHOOL DISTRICT, CYPRESS-FAIRBANKS INDEPENDENT SCHOOL DISTRICT, KATY INDEPENDENT SCHOOL DISTRICT, ALDINE INDEPENDENT SCHOOL DISTRICT, PASADENA INDEPENDENT SCHOOL DISTRICT, GOOSE CREEK CONSOLIDATED INDEPENDENT SCHOOL DISTRICT/LEE COLLEGE DISTRICT, LONE STAR COLLEGE SYSTEM DISTRICT, HOUSTON COMMUNITY COLLEGE SYSTEM, SAN JACINTO COMMUNITY COLLEGE DISTRICT, CITY OF TOMBALL, CITY OF PASADENA, CITY OF HOUSTON, CITY OF WEBSTER, CITY OF SEABROOK, CITY OF HEDWIG VILLAGE, CITY OF BAYTOWN, HARRIS COUNTY, HARRIS COUNTY DEPARTMENT**

OF EDUCATION, HARRIS COUNTY FLOOD CONTROL DISTRICT, PORT OF HOUSTON AUTHORITY OF HARRIS COUNTY, HARRIS COUNTY MUNICIPAL UTILITY DISTRICT #24, HARRIS COUNTY MUNICIPAL UTILITY DISTRICT #120, HARRIS COUNTY MUNICIPAL UTILITY DISTRICT #130, HARRIS COUNTY MUNICIPAL UTILITY DISTRICT #168, HARRIS COUNTY MUNICIPAL UTILITY DISTRICT #180, HARRIS COUNTY MUNICIPAL UTILITY DISTRICT #188, HARRIS COUNTY MUNICIPAL UTILITY DISTRICT #189, HARRIS COUNTY MUNICIPAL UTILITY DISTRICT #191, HARRIS COUNTY MUNICIPAL UTILITY DISTRICT #205, HARRIS COUNTY MUNICIPAL UTILITY DISTRICT #215, HARRIS COUNTY MUNICIPAL UTILITY DISTRICT #230, HARRIS COUNTY MUNICIPAL UTILITY DISTRICT #321, HARRIS COUNTY MUNICIPAL UTILITY DISTRICT #341, NORTHWEST HARRIS COUNTY MUNICIPAL UTILITY DISTRICT #9, CHELFORD ONE MUNICIPAL UTILITY DISTRICT, HEATHERLOCH MUNICIPAL UTILITY DISTRICT, HORSEPEN BAYOU MUNICIPAL UTILITY DISTRICT,  MISSION BEND MUNICIPAL UTILITY DISTRICT, NORTH GREEN MUNICIPAL UTILITY DISTRICT, WESTADOR MUNICIPAL UTILITY DISTRICT, WESTON MUNICIPAL UTILITY DISTRICT, MASON CREEK UTILITY DISTRICT, BISSONNET MUNICIPAL UTILITY DISTRICT, CNP UTILITY DISTRICT, HARRIS COUNTY WATER CONTROL & IMPROVEMENT DISTRICT #1, HARRIS COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT #109, HARRIS COUNTY WATER CONTROL & IMPROVEMENT DISTRICT #145, CLEAR LAKE CITY WATER AUTHORITY, MEMORIAL VILLAGES WATER AUTHORITY, HARRIS COUNTY EMERGENCY SERVICE DISTRICT #1, HARRIS COUNTY EMERGENCY SERVICE DISTRICT #6, HARRIS COUNTY EMERGENCY SERVICE DISTRICT #9, HARRIS COUNTY EMERGENCY SERVICE DISTRICT #11, HARRIS COUNTY EMERGENCY SERVICE DISTRICT #12, HARRIS COUNTY EMERGENCY SERVICE DISTRICT #13, HARRIS COUNTY EMERGENCY SERVICE DISTRICT #16, HARRIS COUNTY EMERGENCY SERVICE DISTRICT #17, HARRIS COUNTY EMERGENCY SERVICE DISTRICT #20, HARRIS COUNTY EMERGENCY SERVICE DISTRICT #24, HARRIS COUNTY EMERGENCY SERVICE DISTRICT #25, HARRIS COUNTY EMERGENCY SERVICE DISTRICT #28, HARRIS COUNTY EMERGENCY SERVICE DISTRICT #29, HARRIS COUNTY EMERGENCY SERVICE DISTRICT #47, HARRIS COUNTY

**EMERGENCY SERVICE DISTRICT #48, AND HARRIS-FORT BEND EMERGENCY SERVICE DISTRICT,**
**Appellees**

---

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-53254**

---

## MEMORANDUM OPINION

Appellants TVMAX Holdings, Inc. and Broadband Ventures Six, L.L.C., appeal the trial court's judgment for delinquent taxes rendered in favor of numerous taxing units, appellees Spring Independent School District, Alief Independent School District, Clear Creek Independent School District, Galena Park Independent School District, Humble Independent School District, Klein Independent School District, Spring Branch Independent School District, Spring Independent School District, Tomball Independent School District, Houston Independent School District, Cypress-Fairbanks Independent School District, Katy Independent School District, Aldine Independent School District, Pasadena Independent School District, Goose Creek Consolidated Independent School District/Lee College District, Lone Star College System District, Houston Community College System, San Jacinto Community College District, City of Tomball, City of Pasadena, City of Houston, City of Webster, City of Seabrook, City of Hedwig Village, City of Baytown, Harris County, Harris County

3

Department of Education, Harris County Flood Control District, Port of Houston Authority of Harris County, Harris County Municipal Utility District #24, Harris County Municipal Utility District #120, Harris County Municipal Utility District #130, Harris County Municipal Utility District #168, Harris County Municipal Utility District #180, Harris County Municipal Utility District #188, Harris County Municipal Utility District #189, Harris County Municipal Utility District #191, Harris County Municipal Utility District #205, Harris County Municipal Utility District #215, Harris County Municipal Utility District #230, Harris County Municipal Utility District #321, Harris County Municipal Utility District #341, Northwest Harris County Municipal Utility District #9, Chelford One Municipal Utility District, Heatherloch Municipal Utility District, Horsepen Bayou Municipal Utility District, Mission Bend Municipal Utility District, North Green Municipal Utility District, Westador Municipal Utility District, Weston Municipal Utility District, Mason Creek Utility District, Bissonnet Municipal Utility District, CNP Utility District, Harris County Water Control & Improvement District #1, Harris County Water Control and Improvement District #109, Harris County Water Control & Improvement District #145, Clear Lake City Water Authority, Memorial Villages Water Authority, Harris County Emergency Service District #1, Harris County Emergency Service District #6, Harris County Emergency Service District #9, Harris County Emergency Service District #11, Harris County Emergency

4

Service District #12, Harris County Emergency Service District #13, Harris County Emergency Service District #16, Harris County Emergency Service District #17, Harris County Emergency Service District #20, Harris County Emergency Service District #24, Harris County Emergency Service District #25, Harris County Emergency Service District #28, Harris County Emergency Service District #29, Harris County Emergency Service District #47, Harris County Emergency Service District #48, and Harris–Fort Bend Emergency Service District (collectively, the "Taxing Units"). In two issues, TVMAX contends that the trial court erred by entering judgment against it while its motions to correct the appraisal roll were pending with the Harris County Appraisal District ("HCAD") and by not apportioning damages between the two defendants. In three issues, Broadband contends that the trial court erred in entering a default judgment against it, failing to grant its motion for new trial, and by not apportioning damages between the two defendants. We affirm.

## Background

The Taxing Units sued TVMAX in September 2011 to collect delinquent property taxes owed on multiple property accounts for tax year 2010. The suit was later amended to include delinquent taxes for 2011 and 2012. In January 2013, the Taxing Units added Broadband as a defendant, because Broadband acquired

5

TVMAX in 2012. Broadband's registered agent was served with citation on February 19, 2013, but Broadband did not appear or answer.

On February 26, 2013, TVMAX filed with HCAD Personal Property Correction Requests/Motions pursuant to Texas Tax Code Section 25.25 for 2010, 2011, and 2012. *See* TEX. TAX CODE ANN. § 25.25 (West Supp. 2015). In the motions, TVMAX stated that the accounts for which it was being taxed included multiple appraisals of a property and property that did not exist. *See* TEX. TAX CODE ANN. § 25.25(c) (taxpayer may file correction motion to correct multiple appraisals of a property in a tax year and the inclusion of property that does not exist in the form or at the location described in the appraisal roll).

Shortly thereafter, TVMAX moved to abate the delinquency proceeding in the trial court pending the resolution of its Section 25.25 motions by HCAD. The record does not reflect whether the trial court ruled on this motion. TVMAX moved a second time to abate the delinquency proceeding in September 2013, and the trial court denied the request. On November 12, 2013, TVMAX filed a petition for writ of mandamus in this Court, challenging the trial court's order denying its motion to abate, but we denied the petition. *In re TVMAX Holdings, Inc.*, No. 01-13-00965-CV, 2013 WL 6097807, at *1 (Tex. App.—Houston [1st Dist.] Nov. 15, 2013, orig. proceeding) (mem. op.). On November 18, 2013, TVMAX moved for a continuance of the November 19, 2013 trial setting, which was denied.

On November 19, the Harris County tax master, to whom the trial court had referred the suit, recommended that a default judgment be granted against Broadband because it had been properly served and had not answered or appeared. *See* TEX. TAX CODE ANN. § 33.71 (West 2015) (permitting trial court to refer delinquency proceedings to appointed tax master). The tax master also found the defendants delinquent for all amounts due on the accounts for 2010, 2011, and 2012. Based on the tax master's recommendations, the district court rendered judgment that TVMAX and Broadband were liable to the Taxing Units for the delinquent taxes, penalties, interest, and costs. TVMAX and Broadband moved for a new trial, arguing among other things that Broadband had never been served and therefore the default judgment should be revoked and a new trial granted.

## Default Judgment Against Broadband

In its first issue, Broadband contends that the trial court erred by entering a default judgment against it because it was never served.

### A. Standard of Review and Applicable Law

We review a trial court's grant of a default judgment for an abuse of discretion. *Cottonwood Valley Home Owners Ass'n v. Hudson*, 75 S.W.3d 601, 603 (Tex. App.—Eastland 2002, no pet.). At any time after a defendant is required to answer, a plaintiff may take a judgment by default against the defendant if the defendant has not previously filed an answer and the citation with proof of service

7

has been on file with the clerk of the court for ten days. TEX. R. CIV. P. 107, 239. A no-answer default judgment operates as an admission of the material facts alleged in the plaintiff's petition, except for unliquidated damages. *See Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992).

A judgment cannot be rendered against a defendant unless he has been properly served, accepted or waived service of process, or made an appearance. TEX. R. CIV. P. 124. On direct appeal, there is no presumption of proper service. *Sozanski v. Plesh*, 394 S.W.3d 601, 604 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (citing *Min v. Avila*, 991 S.W.2d 495, 501 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Instead, the record must affirmatively show strict compliance with the rules of service of process. *Id.* (citing *Uvalde Country Club v. Martin Linen Supply Co., Inc.*, 690 S.W.2d 884, 885 (Tex. 1985) (holding failure to affirmatively show strict compliance with rules of service renders attempted service of process invalid and of no effect)). "In that event, the recitals in a process server's return creates a presumption that service was performed." *Id.* (citing *Huffeldt v. Competition Drywall, Inc.*, 750 S.W.2d 272, 273 (Tex. App.—Houston [14th Dist.] 1988, no writ)); *see also Min*, 991 S.W.2d at 500–01 (holding return constitutes prima facie evidence of successful service). The return must state:

(1) the cause number and case name;

(2) the court in which the case is filed;

8

(3) a description of what was served;

(4) the date and time the process was received for service;

(5) the person or entity served;

(6) the address served;

(7) the date of service or attempted service;

(8) the manner of delivery of service or attempted service;

(9) the name of the person who served or attempted to serve the process;

(10) if the person named in (9) is a process server certified under order of the Supreme Court, his or her identification number and the expiration date of his or her certification; and

(11) any other information required by rule or law.

TEX. R. CIV. P. 107(b).

## B.   Analysis

Broadband contends that the trial court erred in entering a default judgment because the record "does not contain a return of service or any other proof that Broadband was served" and therefore does not show strict compliance with the rules of service of process.

The Taxing Units correctly respond that, contrary to Broadband's contention, the supplemental clerk's record contains a Citation in Delinquent Tax suit with a signed Officer's Return. The signed return was filed with the clerk of the court in April 2013, nine months before the trial court signed the default

9

judgment.  *See* TEX. R. CIV. P. 107(h).  The return and its attached documents state the cause number, case name, and court in which the case is filed.  *See id.* 107(b)(1), (2).  The return states the date and time the process was received for service and describes what was served—the citation in delinquent tax suit and a copy of the petition.  *See id.* 107(b)(3), (4).  It states that Broadband was served by delivery of the citation and petition to its registered agent and provides the service address, the name of the agent, and the time and date of service.  *See id.* 107(b)(5)–(8).  The return is signed by Deputy M. Mount of Travis County Constable Precinct 5.  *See id.* 107(b)(9).

After the supplemental record including the return was made a part of the appellate record, Broadband did not argue that it is defective in any way.  We conclude that "the recitals in [the] return create[] a presumption that service was performed."  *Sozanski*, 394 S.W.3d at 604.  Accordingly, we hold that the trial court did not abuse its discretion in granting the default judgment.  *See* TEX. R. CIV. P. 107, 239.

We overrule Broadband's first issue.

### Broadband's Motion for New Trial

In its second issue, Broadband contends that the trial court erred by failing to grant Broadband's motion for new trial to set aside the default judgment because it

met the test set forth in *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124 (Tex. 1939).

## A.    Standard of Review and Applicable Law

"The presumption of service [raised by a filed and signed return] can be rebutted with evidence in a motion for new trial or in a bill of review." *Sozanski*, 394 S.W.3d at 604. We review a trial court's decision to overrule a motion to set aside a default judgment and grant a new trial for abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (per curiam); *Interconex, Inc. v. Ugarov*, 224 S.W.3d 523, 536 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Generally, before a default judgment can be set aside and a new trial granted, the defaulting party must satisfy the three elements of the *Craddock* test, i.e., (1) the defaulting party's failure to answer or to appear was not intentional, or the result of conscious indifference, but was due to a mistake or an accident; (2) the defaulting party has a meritorious defense or claim; and (3) the motion is filed at a time when the granting of a new trial will not occasion delay or work other injury to the prevailing party. *In re R.R.*, 209 S.W.3d 112, 114–15 (Tex. 2006); *Craddock*, 133 S.W.2d at 126.

To successfully challenge a default judgment, the movant must allege, and support with sworn proof, the three *Craddock* requirements. *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966); *Wal-Mart Stores, Inc. v. Kelley*, 103 S.W.3d 642,

644 (Tex. App.—Fort Worth 2003, no pet.); *Pickell v. Guar. Nat'l Life Ins. Co.*, 917 S.W.2d 439, 443 (Tex. App.—Houston [14th Dist.] 1996, no writ). Thus, to prevail on a motion for new trial under *Craddock*, the movant must (1) allege facts and attach affidavits to a verified motion to set aside the default judgment that would meet the three *Craddock* requirements or (2) present evidence at the hearing on his motion that met those requirements. *See Pickell*, 917 S.W.2d at 443 (citing *Ivy*, 407 S.W.2d at 213).

## B.     Analysis

Broadband neither supported its motion for new trial with affidavits or other proof, nor requested a hearing at which to present evidence in support of the motion. *See Pickell*, 917 S.W.2d at 443 (citing *Ivy*, 407 S.W.2d at 213). To successfully challenge the default judgment under *Craddock*, Broadband was required to support the allegations in its motion with evidence. *See Ivy*, 407 S.W.2d at 214; *Kelley*, 103 S.W.3d at 644; *Pickell*, 917 S.W.2d at 443.

On appeal, Broadband submitted the affidavit of its Chief Executive Officer, Christian Balun, in which Balun avers, among other things, that Broadband never received any service of citation in the underlying case from is registered agent, did not know it had been named as a defendant, would have answered if it knew it was named as a defendant, and does not own any of the property identified by the appellees in the underlying lawsuit. However, the deficiencies in the record cannot

be cured by an affidavit executed after the case reached this Court; the affidavit is not part of the appellate record, and we may not consider it. *Barrett v. Westover Park Comm. Ass'n*, No. 01-10-01112-CV, 2012 WL 682342, at *3 (Tex. App.—Houston [1st Dist.] Mar. 1, 2012, no pet.) ("The deficiencies in the record cannot be cured by Barrett's submission of affidavits executed after the case reached this Court. Those affidavits are not a part of the appellate record, and we may not consider them.") (citing *Nogle & Black Aviation, Inc. v. Faveretto*, 290 S.W.3d 277, 286 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *Canton–Cater v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 n.2 (Tex. App.—Houston [14th Dist.] 2008, no pet.)). Because Broadband failed to adduce evidentiary support for its motion for new trial, we hold that the trial court did not abuse its discretion in concluding that Broadband had not satisfied *Craddock* and in denying the motion for new trial. *See, e.g.*, *Pickell*, 917 S.W.2d at 443 (defendant failed to meet the burden to have default judgment set aside by not submitting sufficient evidence to support all three *Craddock* prongs).

We overrule Broadband's second issue.

## TVMAX's Section 25.25 Motions

In its first issue, TVMAX contends that the trial court erred by entering judgment against it while its motions to correct the appraisal rolls pursuant to Tax Code Section 25.25 were pending with HCAD. TVMAX contends that, after it

13

filed its Section 25.25 motions, the trial court should have abated the delinquency proceeding pending HCAD's resolution of the motions.

## A.    Standard of Review

Determining whether an agency has exclusive or primary jurisdiction requires statutory construction. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 222 (Tex. 2002).    Because it is a question of law, a court reviews de novo whether an agency has exclusive or primary jurisdiction. *Id.* If an agency has exclusive jurisdiction, the trial court does not have subject matter jurisdiction. *See Ellis v. Reliant Energy Retail Servs., L.L.C.*, 418 S.W.3d 235, 245 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

In contrast, "the primary jurisdiction doctrine requires trial courts to allow an administrative agency to initially decide an issue when: (1) an agency is typically staffed with experts trained in handling the complex problems in the agency's purview; and (2) great benefit is derived from an agency's uniformly interpreting its laws, rules, and regulations, whereas courts and juries may reach different results under similar fact situations." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 208 (Tex. 2002). "[W]hen the primary jurisdiction doctrine requires a trial court to defer to an agency to make an initial determination, the court should abate the lawsuit and suspend finally adjudicating the claim until the agency has an opportunity to act on the matter." *Id.* Where the primary jurisdiction doctrine does

14

not require a trial court to defer to any agency to make an initial determination, abatement is left to the trial court's discretion. *See Ellis*, 418 S.W.3d at 245.

Our purpose in construing a statute is to determine the legislature's intent. *See Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001). When a statute is clear and unambiguous, we need not resort to rules of construction or extrinsic evidence to construe it. *Cail v. Serv. Motors, Inc.*, 660 S.W.2d 814, 815 (Tex. 1983). Instead, we may determine the intent of the Legislature from the plain and ordinary meaning of the words used within the statute. *See id.*

## B. Applicable Law

Section 25.25(c) of the Tax Code provides that "[t]he appraisal review board, on motion of the chief appraiser or of a property owner, may direct by written order changes in the appraisal roll for any of the five preceding years to correct:

(1) clerical errors that affect a property owner's liability for a tax imposed in that tax year;

(2) multiple appraisals of a property in that tax year;

(3) the inclusion of property that does not exist in the form or at the location described in the appraisal roll; or

(4) an error in which property is shown as owned by a person who did not own the property on January 1 of that tax year."

15

TEX. TAX CODE ANN. § 25.25(c). Unless a property owner files an oath of inability to pay and is excused from prepayment, "a property owner who files a motion under Section 25.25 must pay the amount of taxes due on the portion of the taxable value of the property that is the subject of the motion that is not in dispute before the delinquency date or the property owner forfeits the right to proceed to a final determination of the motion." *Id.* § 25.26(b) (West 2015).

## C. Analysis

Although TVMAX raises arguments about both primary and exclusive jurisdiction in its brief, it does not ultimately contend that the trial court lacked subject matter jurisdiction to adjudicate TVMAX delinquent. Instead, TVMAX contends only that the trial court should have abated its case until its administrative proceedings concluded and that the trial court "erred in continuing to trial while [its] Section 25.25 protests were outstanding." TVMAX requests that we "remand this case to the trial court pending the outcome of [its] Section 25.25 protests."

The Taxing Units respond that the filing of a motion under Section 25.25 does not require the trial court to abate a delinquency proceeding, because the Tax Code provides for a refund in the event that a Section 25.25 motion results in a correction to the tax rolls. *See* TEX. TAX CODE ANN. § 26.15(f) (West 2015) ("If a correction decreases the tax liability of a property owner after the owner has paid the tax, the taxing unit shall refund to the property owner the difference between

16

the tax paid and the tax legally due . . . .").  The Taxing Units further contend that, regardless, TVMAX was not entitled to determination of its Section 25.25 motions, because TVMAX did not comply with Section 25.26's prepayment requirement and had thereby forfeited its right to such a determination.  Thus, there was thus no forthcoming determination of the Section 25.25 motions by HCAD to which the trial court should defer.

TVMAX did not demonstrate in its motion to abate that it filed an oath of inability to pay the portion of the taxable value of the properties that were not in dispute, nor did it demonstrate in its motion to abate that it had prepaid the undisputed amount.  *See id.*  Merely filing a Section 25.25 motion with HCAD does not entitle the movant to final determination of the motion by HCAD unless the movant also prepays the undisputed amount of taxes or is excused from prepayment.  *See* TEX. TAX CODE ANN. § 25.26(b).  Moreover, the tax master found that TVMAX was delinquent with respect to all taxable amounts due for 2010, 2011, and 2012, not just a portion of the taxable amounts.  These findings were before the trial court when it entered judgment.

Thus, we conclude that the trial court did not err in implicitly finding that TVMAX forfeited its right to proceed to a final determination by HCAD of its Section 25.25 motions by failing to comply with Section 25.26's prepayment requirement.  *See* TEX. TAX CODE ANN. § 25.26(b) ("a property owner who files a

motion under Section 25.25 must pay the amount of taxes due on the portion of the taxable value of the property that is the subject of the motion that is not in dispute before the delinquency date or the property owner forfeits the right to proceed to a final determination of the motion"); *see also Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989) (appellate court implies all necessary findings in support of the judgment). Accordingly, there was no forthcoming agency action to which the trial court should have deferred, and we therefore hold that the trial court did not err in refusing to abate the case and in entering judgment. *See Butnaru*, 84 S.W.3d at 208; *Ellis*, 418 S.W.3d at 245.

We overrule TVMAX's first issue.

## Apportionment of Damages

In TVMAX's second issue and Broadband's third issue, they contend that the judgment runs afoul of Texas Rule of Civil Procedure 306 because it does not apportion the damages between them. *See* TEX. R. CIV. P. 306 ("The entry of the judgment shall contain the full names of the parties, as stated in the pleadings, for and against whom the judgment is rendered.").

## A. Applicable Law

Section 32.07(a) of the Tax Code states that, "property taxes are the personal obligation of the person who owns or acquires the property on January 1 of the year for which the tax is imposed . . . ." TEX. TAX CODE ANN. § 32.07(a) (West

18

2015). "A person is not relieved of the obligation because he no longer owns the property." *Id.*

The Tax Code also provides that one who purchases an interest in a business from a person who is liable for property taxes imposed on property used in the operation of that business "shall withhold from the purchase price an amount sufficient to pay all of the taxes imposed on the personal property of the business, plus any penalties and interest incurred, until the seller provides the purchaser with:

(1) a receipt issued by each appropriate collector showing that the taxes due the applicable taxing unit, plus any penalties and interest, have been paid; or

(2) a tax certificate issued under Section 31.08 stating that no taxes, penalties, or interest is due the applicable taxing unit.

TEX. TAX CODE ANN. § 31.081(b) (West 2015).

There are significant consequences to a purchaser who does not withhold an amount sufficient to pay outstanding taxes until the seller provides proof that any outstanding taxes have been paid: the purchaser becomes liable for the outstanding taxes "to the applicable taxing units to the extent of the value of the purchase price . . . ." *Id.* § 31.081(c) (West 2015); *see Dan's Big & Tall Shop, Inc. v. Cnty. of Dallas*, 160 S.W.3d 307, 310 (Tex. App.—Dallas 2005, pet. denied) (rejecting argument that purchaser of business, who did not withhold required amount, was only liable for pro-rated share of ad valorem taxes imposed for year during which

19

purchaser bought business and affirming trial court's judgment assessing the total amount of taxes for purchase year against purchaser). Additionally, the Tax Code provides that the seller of the business interest is not relieved of tax liability merely because it sells the property upon which the tax was assessed. Section 31.081(f) provides that even though a purchaser may become liable for delinquent taxes by failing to comply with Section 31.081(b), this "does not release a person who sells a business or the inventory of a business from any personal liability imposed on the person for the payment of taxes imposed on the personal property of the business or for penalties or interest on those taxes." *Id.* § 31.081(f).

## B. Analysis

We hold that the trial court properly concluded that TVMAX and Broadband are jointly and severally liable for the delinquent taxes. TVMAX owned the properties on January 1, 2010, January 1, 2011, and January 1, 2012, and TVMAX is therefore liable for the taxes imposed in those years. *See* TEX. TAX CODE ANN. § 32.07(a) (West 2015) ("property taxes are the personal obligation of the person who owns or acquires the property on January 1 of the year for which the tax is imposed . . . ."). The fact that TVMAX was acquired by Broadband during 2012 does not relieve TVMAX of its obligation to pay these taxes. *See id.* ("A person is not relieved of the obligation [to pay property taxes on property owned or acquired on January 1 of the year for which the tax is imposed] because he no longer owns

the property."); *see also id.* § 31.081(f) (purchase of business property "does not release a person who sells a business or the inventory of a business from any personal liability imposed on the person for the payment of taxes imposed on the personal property of the business or for penalties or interest on those taxes."). Accordingly, we hold that the trial court properly concluded that TVMAX was liable for the full amount of the delinquent taxes for each of the years 2010, 2011, and 2012. *See id.* §§ 31.081(f), 32.07(a).

The same is true for Broadband. When it acquired TVMAX in 2012, it bought TVMAX's assets subject to any unpaid taxes, penalties, and interest. *See* TEX. TAX CODE ANN. § 31.081(c) (purchaser who does not ensure that outstanding taxes have been paid becomes liable for outstanding taxes); *see also Dan's Big & Tall Shop, Inc.*, 160 S.W.3d at 309–10 (purchaser was liable for outstanding delinquent taxes on purchased property). Broadband was required to withhold from the purchase price an amount sufficient to pay all of the taxes imposed, plus any penalties and interest incurred, until it received evidence that they had been paid or none was due. *See* TEX. TAX CODE ANN. § 31.081(b). Because the taxes were not paid and continued to be due, Broadband became liable for the unpaid taxes, penalties, and interest "to the applicable taxing units to the extent of the value of the purchase price . . . ." *Id.* § 31.081(c). Thus, the trial court was not required to pro-rate Broadband's liability and hold it liable only for delinquent tax

corresponding to the portion of 2012 during which Broadband owned the properties.[1]  *See Dan's Big & Tall Shop, Inc.*, 160 S.W.3d at 310 (rejecting argument that purchaser of business, who did not withhold required amount, was liable only for pro-rated share of ad valorem taxes imposed for year during which purchaser bought  business and affirming trial court's judgment assessing total amount of taxes due against purchaser).  Accordingly, we hold that the trial court properly concluded that Broadband was liable for the full amount of the delinquent taxes.  *See* TEX. TAX CODE ANN. § 31.081(b); *see also Dan's Big & Tall Shop, Inc.*, 160 S.W.3d at 309–10.

Having concluded that TVMAX and Broadband are jointly and severally liable for the full amount of the delinquent taxes for each of the tax years at issue, we overrule TVMAX's second issue and Broadband's third issue.

## Conclusion

We affirm the judgment of the trial court.

Rebeca Huddle
Justice

Panel consists of Justices Jennings, Higley, and Huddle.

---

[1]    Broadband does not assert that the tax liability imposed exceeds the purchase price.

22